UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:25-cv-03478-MWC-DFM                                    Date: January 13, 2026

Title:   Arman Kesheshian v. Kristi Noem *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order DISCHARGING Order to Show Cause re: Dismissal; DISMISSING Case (Dkts. [12], [13]) JS-6**

On December 24, 2025, the Court issued a temporary restraining order ("TRO") mandating that Respondents immediately release Petitioner under an Order of Supervision ("OSUP"), enjoining Respondents from re-detaining Petitioner absent compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i), and all other governing law, enjoining Respondents from transferring Petitioner out of this District during the pendency of these proceedings, and enjoining Respondents from removing Petitioner to a third country without notice and an opportunity to be heard on any fear of persecution or torture he has in that third country. *See generally* Dkt. # 10 ("*TRO*"). The Court also ordered Respondents to show cause, in writing, no later than 7 days after the TRO as to why a preliminary injunction should not issue. *See id.* 15.

On December 31, 2025, Respondents filed a response with the Court. *See* Dkt. # 11 ("*Response*"). Respondents averred that because they released Petitioner, that release "moot[ed] the requested preliminary injunction and [Petitioner's] habeas petition more generally." *See id.* 1.

On January 8, 2026, the Court discharged the Order to Show Cause re: Preliminary Injunction and ordered Petitioner to show cause as to why the Court should not dismiss the case. *See* Dkt. # 12 ("*OSC re: Dismissal*"). The Court noted that "because Respondents have released Petitioner, and since the Court's TRO otherwise mandated only that Respondents comply with governing law, the Court understands that a preliminary injunction would be unnecessary." *See id.* (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  5:25-cv-03478-MWC-DFM                              Date: January 13, 2026

Title:       Arman Kesheshian v. Kristi Noem *et al.*

     On January 12, 2026, Petitioner responded to the Court's Order to Show Cause re: Dismissal.  *See* Dkt. # 13 ("*Response re: Dismissal*").  Petitioner stated that he remained at risk of re-detention and removal to a third country in violation of governing law.  *See generally id.*  He also asked the Court for an order "enjoining Respondents from re-detaining [Petitioner] absent compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i), and all other governing law," and "enjoining Respondents from removing him to a third country without notice and an opportunity to be heard on any fear of persecution or torture he has in that third country."  *See id.* 7–8.

     For the same reasons that the Court found a preliminary injunction unnecessary—that the injunction would merely require that Respondents comply with governing law—the Court finds it unnecessary for the case to remain open.  If Respondents violate Petitioner's rights in the future, Petitioner can return to this Court and ask that it re-open his case and grant the requested relief, but such an order is unnecessary at this juncture.

     Accordingly, the Court **DISCHARGES** the Order to Show Cause re: Dismissal and **DISMISSES** Petitioner's action.  This Order closes the case.

     **IT IS SO ORDERED.**

                                                                                                                        **Initials of Preparer**     TJ